IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01951-LTB-KMT

DONALD CARL McCRANEY,

    Plaintiff,

v.

THE CITY AND COUNTY OF DENVER,

    Defendant.
_____

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE
_____

**Kathleen M. Tafoya, Magistrate Judge**

    This matter comes before the court *sua sponte* on Plaintiff Donald Carl McCraney's failure to respond to the court's orders to show cause. On April 4, 2008, the Clerk of Court mailed to the plaintiff a minute order setting a hearing on a motion. [Doc. No. 42.] The minute order was mailed to the plaintiff at his address of record at the Arapahoe County Detention Facility. On April 16, 2008, the mail was returned as undeliverable. [Doc. No. 43.] On April 28, 2008, and May 2, 2008, the Clerk of Court mailed two more documents to plaintiff at the address of record, both which were returned as undeliverable. [Doc. Nos. 47, 48.]

    On June 30, 2008, this court issued an order for Plaintiff Donald Carl McCraney to show cause in writing on or before July 15, 2008, why the Complaint and this action should not be dismissed for failure to keep the court informed of his current address in violation of D.C.COLO.LCivR 10.1M, and for failure to prosecute. [Doc. No. 49.] Plaintiff filed a response

to the Order to Show Cause on July 14, 2008, in which he stated he had been released and the Arapahoe County Detention Facility does not forward mail to released inmates. [Doc. No.50.] However, Plaintiff failed to provide the court with an updated address. On October 21, 2008, Plaintiff filed a motion to compel and again did not provide the court with an updated address. [Doc. No. 51.] The order denying the motion to compel was returned to the court as undeliverable. [Doc. No. 54.] On December 23, 2008, this court entered a second order for the plaintiff to show cause in writing on or before January 15, 2009, why the Complaint and this action should not be dismissed for failure to keep the court informed of his current address in violation of D.C.COLO.LCivR 10.1M, and for failure to prosecute under Fed. R. Civ. P. 41(b) and D.C.COLO.LCivR 10.1M. [Doc. No. 55.] Plaintiff failed to respond to the Order to Show Cause. On January 5, 2009, the mail was returned as undeliverable. [Doc. No. 56.]

Plaintiff's last filing in this case was received October 21, 2008. [Doc. No. 51.] Subsequently, the court has not received a notice of change of address from Plaintiff as required by D.C.COLO.LCivR 10.1M, nor has the court had any other contact with him. It appears Plaintiff has lost contact with the court, lost interest in his case, or both.

Accordingly, it is

**RECOMMENDED** that the Prisoner Complaint and the action be dismissed without prejudice for Plaintiff's failure to respond to a court order, for failure to update his address with the court, and for failure to prosecute this action.

# ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the

ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 20th of January, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge